# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LORRAINE M. MAXENA,**

                **Plaintiff,**

**-vs-**                                  **Case No.  6:07-cv-211-Orl-19DAB**

**JO ANNE BARNHART,  Commissioner of
Social Security,**

                **Defendant.**

_____

## MEMORANDUM OPINION & ORDER

The Plaintiff brings this action pursuant to the Social Security Act (the Act), as amended, Title 42 United States Code Section 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the Commissioner) denying her claim for disability insurance benefits under the Act.

The record has been reviewed, including a transcript of the proceedings before the Administrative Law Judge (ALJ), the exhibits filed and the administrative record, and the pleadings and memoranda submitted by the parties in this case.  Oral argument has not been requested.

For the reasons that follow, the decision of the Commissioner is **affirmed.**

## I. BACKGROUND

**A.**      **Procedural History**

Plaintiff filed for a period of disability and disability insurance benefits on May 23, 2005.  R. 49-51.  She alleged an onset of disability on March 24, 2004, due to back problems and high blood pressure. (R. 82).  Her application was denied initially and upon reconsideration.  R. 23, 29.  Plaintiff

requested a hearing, which was held on June 6, 2006, before Administrative Law Judge Robert D. Marcinkowski (hereinafter referred to as "ALJ"). R. 177-206. In a decision dated August 18, 2006, the ALJ found Plaintiff not disabled as defined under the Act through the date of his decision. R. 11-19. Plaintiff timely filed a Request for Review of the ALJ's decision. R. 7-8. The Appeals Council denied Plaintiff's request on December 20, 2006. R. 2-5. Plaintiff filed this action for judicial review on February 9, 2007. Doc. No. 1.

### B.     Medical History and Findings Summary

Plaintiff's medical history is set forth in detail in the ALJ's decision. By way of summary, Plaintiff complained of back pain and high blood pressure. After reviewing Plaintiff's medical records and Plaintiff's testimony, the ALJ found that Plaintiff suffered from a back disorder and hypertension, which were "severe" medically determinable impairments, but did not have an impairment severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. R. 18. Plaintiff was 54 years old at the date of the hearing decision. R. 11-29, 49. She has a high school education and vocational training as a nurse's assistant; has worked as a horticulture worker for a nursery and landscaping business. R. 83, 86, 91-93.

The ALJ determined that Plaintiff retained the residual functional capacity (RFC) to perform light work. R. 11-19. In making this determination, the ALJ found that Plaintiff's allegations regarding her limitations were not totally credible for the reasons set forth in the body of the decision.[1] R. 16. Based upon Plaintiff's RFC, the ALJ determined that she could not perform past relevant work. R. 17. Considering Plaintiff's vocational profile and RFC, the ALJ applied the Medical-Vocational Guidelines (the grids), 20 C.F.R. Pt. 404, Subpt. P, App. 2, and concluded that Plaintiff

---

[1]Within the body of the decision, the ALJ discredited Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms. R. 16.

could perform work existing in significant numbers in the national economy.  R. R. 18.  Accordingly, the ALJ determined that Plaintiff was not under a disability, as defined in the Act, at any time through the date of the decision.  R. 18.

Plaintiff now asserts two points of error.  First, she argues that the ALJ erred by finding she had the RFC to perform light work contrary to the consultative examiner's statements.  Second, Plaintiff asserts that the ALJ erred by improperly failing to evaluate her obesity condition and resulting impairments.  For the reasons that follow, the decision of the Commissioner is **AFFIRMED**.

## II.  STANDARD OF REVIEW

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004).  "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" *Id.* (internal quotation and citation omitted). *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).  The district court must view the evidence as a whole, taking into account

evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920.  First, if a claimant is working at a substantial gainful activity, she is not disabled.  29 C.F.R. § 404.1520(b).  Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled.  20 C.F.R. § 404.1520(c).  Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled.  20 C.F.R. § 404.1520(d).  Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled.  20 C.F.R. § 404.1520(e).  Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled.  20 C.F.R. § 404.1520(f).

## A.    Plaintiff's RFC

Plaintiff claims that the ALJ should not have found her able to perform light work, given Dr. Perdomo's opinions concerning Plaintiff's lifting and stand/sit restrictions.  The Commissioner contends that ALJ properly evaluated Dr. Perdomo's opinion.  R. 14, 17.

Residual functional capacity is an assessment based on all relevant evidence of a claimant's remaining ability to do work despite her impairments.  20 C.F.R. § 404.1545(a); *Lewis v. Callahan*, 125 F.3d 1436,1440 (11th Cir. 1997).  The focus of this assessment is on the doctor's evaluation of the claimant's condition and the medical consequences thereof.  *Id.*  Substantial weight must be given

-4-

to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise.  *See Lewis*, 125 F.3d at 1440; *Edwards*, 937 F.2d at 583; 20 C.F.R. §§ 404.1527(d), 416.927(d).  If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise.  *See Lewis v. Callaghan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d). If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2).  In this case, Plaintiff's treating physicians at Apopka Family Health Center did not submit an opinion as to Plaintiff's limitations (as the ALJ noted), although the treatment notes are part of the record.

While a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion, the ALJ may rely on the consulting physician in the absence of a treating physician's opinion.  *See Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984); *see also* 20 C.F.R. § 404.1527(d)(2). The ALJ may discount either physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory.  *See Edwards*, 937 F.2d 580 (ALJ properly discounted treating physician's report where the physician was unsure of the accuracy of his findings and statements.)  When a physician's opinion does not warrant controlling

weight, the ALJ must nevertheless weigh the medical opinion based on the 1) length of the treatment relationship and the frequency of examination; 2) the nature and extent of the treatment relationship; 3) the medical evidence supporting the opinion; 4) consistency with the record as a whole; 5) specialization in the medical issues at issue; 6) other factors which tend to support or contradict the opinion.  20 C.F.R. § 404.1527(d).

Plaintiff argues that the ALJ should not have relied upon the Grids to make his decision because plaintiff could not perform a wide range of light work.  Plaintiff had limited medical treatmentfrom Apopka Family Health Center over the course of several years for high blood pressure, back pain, and assorted other complaints.  R. 134-45.  Plaintiff first reported back pain in June 2005 and, one month later, in July 2005, a lumbar x-ray revealed mild spondylolisthesis of L5 over S1.  R. 125. Plaintiff also complained of left hip pain in August 2005.  R. 135.

Treatment notes from the Community Health Center from February to May 2006 report that Plaintiff's blood pressure was elevated and she was overweight.  R. 170-72.  She reported chronic pain in her neck, upper back, and hip, but the results of an MRI study were normal.  R. 170-72.

Because of the limited treatment notes, Plaintiff was referred for a consultative evaluation in August 2005 by Dr. Perdomo.  R. 131-33.  Plaintiff told Dr. Perdomo that she had experienced knee and back pain for five years and had trouble standing, bending, squatting, or lifting more than 15-20 pounds.  R. 131-33.   Upon examination, Dr. Perdomo noted that plaintiff had some crepitus and tenderness and Dr. Perdomo opined that Ms. Maxena could stand and walk for four hours in an eight-hour workday; sit for six hours in an eight-hour workday; occasionally lift and carry, but not any more than ten to fifteen pounds; and that she should avoid repetitive bending, stooping, crouching,

squatting, and kneeling.  R. 131-133.  Dr. Perdomo observed that Plaintiff was able to walk down the

hall and sit without difficulty and get on to and off the examining table.  R. 131-33.

Plaintiff contends that Dr. Perdomo's opinion of Plaintiff's limitations clearly indicate that

Plaintiff does not have the RFC for light work, and the ALJ erred by rejecting these limitations

without reason.  The Commissioner argues that none of the findings from treating sources indicate

that plaintiff had a condition that would preclude her from performing light work, and the ALJ

properly"harmonized" Dr. Perdomo's opinion along with a state agency medical expert's opinion to

determine that plaintiff could perform light work.  The Commissioner points to the opinion of the state

agency medical expert (R. 146-53), who considered Dr. Perdomo's report, and indicated that Plaintiff

could perform medium work. R. 17.

The ALJ accurately cited the relevant portions of Dr. Perdomo's consultative examination in

finding that Plaintiff's back disorder, obesity, and hypertension were "severe" impairments.  R. 14.

Based on the entire record, the ALJ determined that the Plaintiff had the RFC to lift and/or carry 20

pound occasionally and 10 pounds frequently, to sit (with normal breaks) for a total of about 6 hours

in an 8-hour workday; to stand and/or walk (with normal breaks) for a total of about 6 hours in an 8-

hour workday; and to push and/or pull.  R. 15.  The ALJ's decision was in part based on Plaintiff's

"somewhat conflicting" testimony concerning her symptoms, limitations and activities of daily living.

R. 16.  The ALJ found in pertinent part:

> After considering the evidence of record, the undersigned finds that the claimant's
> medically determinable impairment could reasonably be expected to produce the
> alleged symptoms, but that the claimant's statements concerning the intensity,
> persistence and limiting effects of these symptoms are not entirely credible.
>
> The objective medical findings reveal the claimant has poorly controlled hypertension,
> appearing to be at least somewhat affected by the claimant's non-compliance with
> medication.  The cause of her back pain was seen in the results of the lumbar spine

series which revealed only mild spondylolistheseis.  And, Dr. Perdomo referenced an x-ray of the left knee which showed findings consistent with mild osteoarthritis (Exhibits 1F, 2F, and 3F).  The undersigned is persuaded by the objective medical findings that the claimant's alleged symptoms are disproportionate to the expected severity of her impairments.

The undersigned finds that claimant's allegations are not entirely credible based upon several factors.  First, although the claimant testified that she stopped work due to her inability to perform the necessary work activities involved, the record reveals that the claimant initially reported that she was laid off from work.  Furthermore, there is evidence that the claimant received unemployment compensation payments in 2004, after her alleged onset date.  An individual receiving unemployment compensation must certify that they are willing and able to work.  Thus, it must be considered whether the claimant herself knew she was able to work at that point, or whether she accepted the payments under somewhat questionable circumstances.  The claimant has a very limited treatment history, given her allegations of pain and limitation.  Although she continued to be treated at the Apopka Family Health Center, the treatment notes reveal that she was seen only twice in 2004, three times in 2005, and twice so far this year.  Furthermore, the treatment the claimant has received has been conservative, consisting of medication, diet and exercise advice, and physical therapy.  Neither Dr. Thompson nor any of the staff at clinic have restricted the claimant's physical activities.  It is also of note that although the claimant requested disability forms to be filled out by her physician, there is no evidence of them in file.  While it is conceivable that the clinic may have refused her request, there are also other reasons as to why the claimant's treating physician did not offer an opinion regarding her impairments.

The claimant offered testimony which was somewhat conflicting.  While she testified that her feet often swell, she also stated that if she took her medication, it helped.  The claimant alleged an ability to walk for one block, but then stated she gets up after two hours of sleep and walks through her house.  She alleged only sitting on the sofa for one hour between 8AM and 5PM, never lying down during the day.  Therefore, it is reasonable to assume that the claimant spend the majority of the remaining day (21 hours) either sitting, standing, or walking. The claimant testified that she has used her cane for years, but there is no mention in the medical record of its use or even the need for a cane.  Der. Perdomo reported that the claimant had no need for an assistive device and noted her ability to walk, sit, and move about in his office without difficulty.  The hospital treatment notes from as late as April 2006 reflect the claimant's motor ability and strength in all extremities and her ability to ambulate.

As for the opinion evidence, the State agency medical consultant opined that the claimant retained the ability to perform the exertional requirements of medium work. The undersigned accords significant weight to this opinion as the State agency medical consultants are well acquainted with the assessment of functionality under the disability provisions of the Social Security Act.  While the undersigned has considered

the claimant's subjective complaints in assessing the claimant's ability to perform light exertional work, the State agency opinion is overall persuasive as the consultant cited the specific evidence of record which lead him to his conclusion.

Dr. Perdomo opined that the claimant could stand and walk for 4 hours in an 8-hour workday; sit for 6 hours in an 8-hour workday; and lift 10-15 pounds.  He also opined that she should avoid repetitive bending, stooping, crouching, squatting, and kneeling. The undersigned Administrative Law Judge accords significant weight to Dr. Perdomo's opinion as he had the opportunity to examine the claimant and based his conclusions upon this first hand knowledge.  Furthermore, the State agency consultant opined that Dr. Perdomo's opinion was not significantly different from his own. *The undersigned has utilized both opinions in determining the claimant's residual functional capacity for light work.*

R. 16-17 (citations to exhibits omitted; emphasis added).  In this case, the ALJ carefully reviewed the opinions of both the examining physician, Dr. Perdomo, and the state agency reviewing physician in "utilizing" both opinions to find Plaintiff capable of light work.  The ALJ rejected much of Plaintiff's complaints concerning the intensity, persistence and limiting effects of her symptoms which he found not to be entirely credible.  R. 16.  The ALJ decided not to credit Plaintiff's testimony about her symptoms, including pain, and appropriately articulated specific and adequate reasons for doing so, as quoted above. *See Jones v. Department of Health and Human Services*, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence). The Court will not disturb the ALJ's clearly articulated credibility finding, which the Court finds is supported by substantial evidence in the record. *See Foote*, 67 F.3d at 1561-62; *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988).

The ALJ's determination that the Plaintiff had the RFC to lift and/or carry 10 pounds and to sit (with normal breaks) for 6 hours in an 8-hour workday accord completely with Dr. Perdomo's opinion. R. 132. Dr. Perdomo's other limitations, that Plaintiff could "stand and walk only four hours in an eight-hour workday with normal breaks," which is two hours per day less than the ALJ

determined, and could lift "occasionally" up to 10 to 15 pounds, the ALJ's implicit rejection of these restrictions was based on substantial evidence.  The ALJ adequately discounted the intensity of Plaintiff's symptoms which was the basis for Dr. Perdomo's recommendations, since he did not have Plaintiff's x-rays.  He noted: "No records of x-rays of the lumbosacral spine were available for review as this could be helpful for further assessment of patient's chronic complaints and limited range of motion of her thoracolumbar spine."  R. 132.  The ALJ's RFC determination was based in part on the reviewing physician's opinion that Plaintiff could frequently lift up to 25 pounds, and stand or walk 6 hours in an 8 hour day, based on review of Plaintiff's treatment records (*see* R. 152) and knee x-rays which showed mild arthritis, as well as the CE which showed no neuro deficits, normal motor & sensory reactions, normal gait, and that Plaintiff could stand on her toes.  R. 147.  The ALJ's opinion was based on substantial evidence after a careful review of Plaintiff's treatment records, including her spine x-ray which revealed mild spondylolisthesis (R. 14), the fact she reported some improvement with epidural blocks and physical therapy (R. 131, 198), and her activities of daily living.  R. 16.

### B.  Obesity

Plaintiff also argues that the ALJ did not properly consider her obesity in evaluating her limitations or RFC.  The Commissioner contends that the ALJ's decision reflects that he fully considered Plaintiff's impairments in combination.

Treatment notes from Apopka Family Health Center reflects that Plaintiff was substantially overweight.  R. 134-45.  Dr. Perdomo observed that plaintiff was obese but stated that she was able to walk down the hall and sit without difficulty and get on to and off the examining table. R. 131-33.  The ALJ specifically found that Plaintiff had the severe impairment of obesity, although it did not medically equal a listed impairment.  R. 13, 15.  Although Plaintiff argues that the ALJ properly

adopted Dr. Perdomo's finding of Plaintiff's obesity, she contends the ALJ erred in failing to address her obesity in conjunction with the RFS finding.  However, Plaintiff fails to point to any limitation from obesity in either the treatment notes or CE that limited her ability to work that the ALJ did not consider.   Based on Plaintiff's failure to identify with specificity the limitation(s) allegedly overlooked by the ALJ, and in light of the reflection in the record that the ALJ specifically considered the limitations arising from Plaintiff's obesity, the ALJ properly considered Plaintiff's obesity and impairments.  *See Jones v. Dep't of Health & Human Servs.*, 941 F.2d 1529, 1533 (11th Cir. 1991) (ALJ properly considered impairments in combination when he stated, "while Jones 'has severe residuals of an injury to the left heel and multiple surgeries on that area,' he does not have 'an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulation No. 4'"); *see also Wheeler v. Heckler*, 784 F.2d 1073, 1076 (11th Cir. 1986) (it was clear the ALJ considered the claimant's impairments in combination where he stated that, "'based upon a thorough consideration of all evidence, the ALJ concludes that the appellant is not suffering from any impairment, *or combination of impairments* of sufficient severity to prevent him from engaging in any substantial gainful activity for a period of at least twelve continuous months'").  The ALJ in this case found that, "[d]espite the claimant's combined impairments, the medical evidence" did not support listing-level severity and the ALJ considered "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence."  R. 15.

In this case, Dr. Perdomo recommended "aggressive weight loss" and physical therapy for back and knee conditioning.  R. 132.  There is no mention of a limitation separate and apart from Plaintiff's back/knee problems, which the ALJ properly assessed.  The ALJ further found that

Plaintiff's testimony about the limitations arising from her impairments was not entirely credible because the medical evidence and her own testimony did not support her assertions as set forth above. Substantial evidence in the record supports this conclusion.

### CONCLUSION

The record in this case shows that Plaintiff does not enjoy full health and that her lifestyle and activities are affected by her ailments to some degree.  The ALJ appropriately considered these circumstances and analyzed them in relation to the exacting disability standard under the Social Security Act.  For the reasons set forth above, the ALJ's decision is consistent with the requirements of law and is supported by substantial evidence.   Accordingly, the Court **AFFIRMS** the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g).  The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Orlando, Florida on March 11, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

-12-